UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**CARMINE BORRELLI**
13 Cora Street
North Providence, RI 02911
and
**ROSEMARY BORRELLI**
13 Cora Street
North Providence, RI 02911,
**Plaintiffs**
v.

**TRUMP TAJ MAHAL CASINO RESORT a/k/a TRUMP TAJ MAHAL ASSOCIATES, L.L.C.,**
1000 Boardwalk at Virginia Ave.
Atlantic City, NJ 08401
and
**TRUMP ENTERTAINMENT RESORTS, INC.**
15 South Pennsylvania Avenue
Atlantic City, NJ 08401,
**Defendants.**

**CIVIL ACTION NO.**

## COMPLAINT

Plaintiffs, Carmine and Rosemary Borrelli, by and through their undersigned counsel, for their Complaint against Defendants, Trump Taj Mahal Casino Resort a/k/a Trump Taj Mahal Associates, L.L.C. and Trump Entertainment Resorts, Inc., aver as follows:

## NATURE OF ACTION

1. This is a negligence action against Defendants, Trump Taj Mahal Casino Resort a/k/a Trump Taj Mahal Associates, L.L.C. (hereafter "Taj Mahal") and Trump Entertainment Resorts, Inc., arising from serious and permanent injuries sustained by Plaintiff Carmine Borrelli while he was a business invitee at the Taj Mahal casino. On or about June 3, 2008, Plaintiff tripped and fell on the carpet at the top of the stairs leading to the Taj Mahal casino floor, due to a dangerous condition and improper and inadequate lighting. Employees of the Taj Mahal

Casino Resort ran to Plaintiff's assistance and informed him that approximately four other invitees had fallen in that location that same day. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered and will continue to suffer severe and permanent injuries, including but not limited to, a left ankle navicular fracture and fifth metatarsal fracture, and exacerbated left knee strain and lower back strain. As a further direct and proximate result of Defendants' negligence, Plaintiff has suffered and will continue to suffer physical and emotional pain and suffering, medical care and treatment, loss in earning capacity and loss of life's pleasures and enjoyment. Further, Plaintiff Rosemary Borrelli suffered and will continue to suffer deprivation of the society, consortium, congenial services and companionship of her husband, Plaintiff Carmine Borrelli.

**PARTIES**

2. Plaintiff, Carmine Borrelli, is a resident and citizen of the State of Rhode Island, and resides at 13 Cora Street in North Providence, Rhode Island 02911.

3. Plaintiff, Rosemary Borrelli, is a resident and citizen of the State of Rhode Island, and resides at 13 Cora Street in North Providence, Rhode Island 02911.

4. Defendant, Trump Taj Mahal Casino Resort a/k/a Trump Taj Mahal Associates, L.L.C. ("Taj Mahal"), is a corporation formed under the laws of the State of New Jersey, and is located at 1000 Broadway at Virginia Avenue, Atlantic City, New Jersey 08401. Defendant Taj Majal operates a hotel and casino at this location.

5. Defendant Trump Entertainment Resorts, Inc., is a corporation formed under the laws of the State of Delaware, and has a principal place of business located at 15 South Pennsylvania Avenue, Atlantic City, New Jersey 08401. Defendant Trump Entertainment

Resorts, Inc. owns and manages the Trump Taj Mahal Casino Resort.

**VENUE**

6. As this matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, this Court has jurisdiction over this matter pursuant to 42 U.S.C. §1332.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(a)(2), as a substantial part of the events giving rise to this claim occurred within the District of New Jersey.

**OPERATIVE FACTS**

8. On or about June 3, 2008 sometime between 11:00 a.m. and 12:00 p.m., Plaintiff Carmine Borrelli was a customer and business invitee at Defendant Taj Mahal's casino located in Atlantic City, New Jersey.

9. While at this location, Plaintiff Carmine Borrelli entered Defendants' establishment from the boardwalk entrance and proceeded towards the casino floor.

10. Approximately ten to fifteen feet from the entrance was a stairway covered by a dark carpet, which led to the casino floor. Because it was very bright outside and dark inside, the steps were not visible and the dark carpet prevented Mr. Borrelli from noticing the steps.

11. At the top of the stairs, suddenly and without warning, Plaintiff tripped at the top of the stairs and fell down the steps. The glare from the outdoors made him unable to see the steps and he fell down all of the stairs, landing on his left ankle and knee.

12. The area where the carpeted stairs were located was defective in that there was

inadequate lighting to clearly mark the appearance of the steps and/or to clearly mark or light the area to call attention to the introduction to the steps. The area was further defective in its failure to warn the public of the danger associated with the introduction of the stairs, causing Plaintiff to fall to the ground and severely injure himself.

13. Unbeknownst to Plaintiff, four other business invitees to Defendants' casino had already tripped and fallen down the steps leading to the casino that same day. However, Defendants and/or Defendants' employees failed to fix the area, change the lighting, or to place any signs or demarcations to watch one's step.

14. After Plaintiff fell, Defendants employees, agents and/or assigns, who witnessed Plaintiff's misfortune, came to Plaintiff's aid and informed Plaintiff that other individuals had fallen on the steps at that location on that same day.

15. After Plaintiff fell, Defendants' employees, agents and/or assigns, who witnessed Plaintiff's misfortune stated that Defendants will have to change the carpet due to the high incidence of invitees tripping and falling.

**COUNT I**
**NEGLIGENCE**
**PLAINTIFF CARMINE BORRELLI v. DEFENDANT**

16. Plaintiff Carmine Borrelli incorporates all of the above paragraphs as though fully set forth and restated herein.

14. Defendants owed a duty to Plaintiff, as a business invitee, to make the premises reasonably safe, to make reasonable inspections to discover hazardous conditions and to make sure ample warnings were posted to alert guests, including Plaintiff, of dangers and/or hazardous conditions.

15. The stairs where Plaintiff fell were a dangerous and/or hazardous condition at the time of Plaintiff's injury because of inadequate lighting. Specifically, Defendants took no steps to warn guests of Defendants' casino that the area was a hazardous condition or to properly mark or light the area in such a way as to call attention to the hazard and/or danger.

16. Defendants had knowledge of or should have known of the hazard posed by the stairs and the inadequate lighting, as well as the failure to warn customers and business invitees, such as Plaintiff, that there was a problem with the carpet and the area because approximately four (4) other invitees had previously fallen in that area on the same day.

17. With regard to the aforementioned condition of inadequate lighting of the carpet and stairs, Defendants did not act and/or failed to act through its agents, employees, servants or workmen to eliminate the hazardous condition.

18. Plaintiff in no way caused or contributed to the aforementioned accident and/or his injuries.

19. Defendants breached its duty to Plaintiff as a result of the following careless and negligent acts committed by Defendants:

(a) Allowing a dangerous and/or hazardous condition to exist on the premises;

(b) Failing to properly maintain lighting on the premises where the carpet and the stairs are located;

(c) Failing to inspect the premises for a dangerous and/or hazardous condition;

(d) Failing to provide adequate warnings to business invitees, such as Plaintiff, regarding the presence and location of the hazardous condition

involving the carpet and stairs;

(e) Failing to maintain the area of the carpet and stairs in a good and safe condition;

(f) Failing to properly place and position warning signs so that invitees, such as Plaintiff, would know that the area leading to the stairs was hazardous;

(g) Other acts and/or omissions that may be revealed from further investigation and/or discovery.

20. As a direct and proximate result of the careless and negligent acts of Defendant, Plaintiff suffered injuries, including but not limited to a left ankle navicular fracture and fifth metatarsal fracture, and exacerbated left knee strain and lower back strain.

21. As a direct and proximate result of Defendant's careless and negligent conduct, Plaintiff has suffered and will suffer in the future great pain, agony and inconvenience.

22. As a direct and proximate result of Defendant's careless and negligent conduct, Plaintiff was unable to work for one month and his injuries continue to, and will in the future, affect his ability to work and perform his daily duties, and Plaintiff has sustained and will continue to sustain substantial work loss.

23. As a direct and proximate result of Defendant's careless and negligent conduct, Plaintiff has incurred and in the future will incur expenses for medical treatment in an amount not yet ascertained.

24. As a direct and proximate result of Defendant's careless and negligent conduct, Plaintiff has suffered and will continue to suffer great physical pain, mental anguish, embarrassment, and loss of life's enjoyment and its pleasures.

**COUNT II**
**LOSS OF CONSORTIUM**
**PLAINTIFF ROSEMARY BORRELLI v. DEFENDANT**

25. Plaintiff, Rosemary Borrelli, incorporates all of the above paragraphs as though fully set forth and restated herein.

26. As a direct and proximate result of Defendant's foregoing actions and/or omissions and negligence alleged herein, Plaintiff Rosemary Borrelli has been deprived and continues to be deprived of the society, consortium, congenial services and companionship of her husband, Plaintiff Carmine Borrelli, and she will be so deprived in the future to all her great detriment and loss.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all Counts and as to all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. General damages in excess of $75,000.00.
2. Special damages in excess of $75,000.00.
3. Cost of suit.
4. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

DATE: January 22, 2009

Jack Meyerson
Emily Mirsky
MEYERSON & O'NEILL
1700 Market Street, Suite 3025
Philadelphia, PA 19103
(215) 972-1376
Attorneys for Plaintiffs

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

The undersigned attorney for Plaintiffs certifies that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration or administrative proceeding. I certify that the foregoing statement made by me is true to the best of my knowledge information and belief. I am aware that if the foregoing statement made by me is willfully falsc, I am subject to punishment.

Emily Mirsky